DISTRICT COURT
DISTRICT OF MASS.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2001 JAN 30 P 1:50

CIVIL ACTION NO:

| | | |
|---|---|---|
| BENJAMIN MOJICA, | ) | **01-40017-NMG** |
| Plaintiff | ) | |
| | ) | COMPLAINT AND CLAIM |
| Vs. | ) | FOR JURY TRIAL |
| | ) | |
| BOSTON COLLEGE, | ) | |
| Defendant | ) | |

## PARTIES

1. The Plaintiff, Benjamin Mojica ("BEN") is an individual and resident of Auburn, County of Worcester, Massachusetts.

2. The Defendant, Boston College ("BC") is a University for higher education, having a usual place of business in Newton, County of Middlesex, Massachusetts.

## JURISDICTION

3. This cause of action arises under the United States Copyright Laws, 17 USC §101 thereof. This Court has jurisdiction of this cause pursuant to 28 USC §1338(a) and also the amount in controversy exclusive of interest and costs is in excess of Twenty-Five Thousand ($25,000.00) Dollars.

## FACTUAL BACKGROUND

4. BEN received a degree in Computer Science from Worcester State College in 1985 and a degree in Music and Video Business from The Art Institute of Fort Lauderdale in 1992.

5. In 1985, BEN held his first full-time computer position.

6. BEN was employed by BC from March 1994 until June 1998.

7. BEN worked at BC in the Audiovisual Department as an Evening Supervisor from March 1994 to January 1996 where he was responsible for setting up audiovisual equipment for various events throughout the University and was responsible for managing six graduate assistants and 32 work study students.

8. Candy Gliem held the position of Associate Director of the Audiovisual Department for BC until she left BC in May of 1995. During her tenure she was working on a

RECEIPT # 403349
AMOUNT $ 150.00
SUMMONS ISS. ✓
LOCAL RULE 4.1 ✓
WAIVER OF SERV. ✓
MCF ISSUED
AO 120 OR 121
BY DPTY CLK
DATE

(1)

Computer Order Entry System for the Audiovisual Department for approximately three years. The system was not operational when she left her employment with BC.

9. On or about July 30, 1995, BC advertised the position of Associate Director for the Audiovisual Department in the Boston Globe Newspaper. The job requirements included "implementing and managing the audiovisual computer ordering system throughout the University."

10. BEN discussed his interest in being considered for the position of Associate Director for the Audiovisual Department and discussed his skills for the position with his supervisor, the Director of the Audiovisual Department, Yoshio Saito, ("SAITO"). SAITO advised BEN that he had no knowledge of BEN's computer skills.

11. As a result of this conversation BEN felt that if he could develop the Audiovisual Computer Ordering System that he could prove to SAITO that he possessed the requisite skills to be considered for the Associate Director position.

12. On his own time, in his own home, on his own computer, BEN developed an Audiovisual Computer Order Entry System Database Application using the application Claris Filemaker Pro in August 1995.

13. After he developed this system he then met with SAITO in August 1995 concerning the Associate Director job opening. BEN explained that he developed a Computer Entry System to solve the audiovisual entry problem and explained he could implement the system if he were selected for the Associate Director position. BEN gave SAITO a copy of the program with BEN's copyright notice prominently displayed, on disk to review.

14. Several days later, SAITO gave the disk back to BEN and told BEN he did not have enough experience for the Associate Director position.

15. In 1996, SAITO hired independent contractors to work on a data entry system for the Audiovisual Department.

16. In February of 1998, the BC Information Technology Newsletter announced the Audiovisual Department now was using an electronic order entry system called "On-line Request Center".

17. Several weeks after this announcement, BEN observed SAITO copying screen shots of the working database system, which were identical to the ones created by BEN and given to SAITO for his review.

18. BEN confronted SAITO about SAITO's illegal use of BEN's intellectual property in the Audiovisual Department and SAITO denied it was BEN's system.

19. BEN went to the audiovisual webserver and reviewed the on-line program which is when he discovered the screens were identical to the ones he created and the screens prominently displayed BEN's Copyright Notice.

20. BEN looked at the code behind the screens using the same administrative password that BEN had used to create the system, his last name: MOJICA. This password allowed him entry to the system and BEN discovered the code was identical. It was running on an upgraded version of the software, which was copied, to the audiovisual webserver.

21. BEN confronted SAITO with the information about the identical screens containing his copyright and the identical code. SAITO instructed BEN to delete the database from the webserver.

22. BEN did not delete the database from the webserver because the BC Audiovisual Department at that point had placed years of data into BEN's system.

23. BEN has complied with all laws governing copyright and has secured the exclusive rights and privileges in and to the copyright for the computer system and received from the Registrar of Copyrights a Certificate of Registration dated July 15, 1999.

24. BEN has been and now is the sole owner and proprietor of all rights, title and interest in and to the copyright.

COUNT I
**COPYRIGHT INFRINGEMENT**

25. BEN incorporates herein by referenced Paragraphs 1 through 24 above.

26. BC's On-line Request Center derives from BEN's copyrighted work directly.

27. SAITO, as Director of the Audiovisual Department, had access to the copyrighted work when BEN interviewed for the Associate Director position and BEN asked SAITO to review a sample of his computer skills.

28. The code on the On-line Request Center is identical to the code developed by BEN. BC uses an upgraded version of the software from the original one developed by BEN in August 1995. The code now resides on a webserver.

29. BC has now changed the name of the database to "Equipment Queue" and added a button that links the webserver copy to the original database.

30. The screens still contain BEN's copyright notices which were always prominently displayed.

31. The password to access the system: MOJICA, is identical to the one BEN used when he developed the system.

32. The screens developed by BEN are identical to the On-line Request Center.

33. BC has willfully and deliberately infringed upon BEN's copyright and continues to utilize and infringe upon BEN's work despite repeated notices to BC.

WHEREFORE, Plaintiff prays:

A. That Defendant be adjudged to have infringed upon Plaintiff's Copyright, and that Plaintiff be entitled to an accounting for profits and damages for Defendant's infringement which the Court deems proper within the purpose of the Copyright Law and not less than the Statutory Damages provided by the Copyright Statute;

B. That such damages and profits sustained by the Plaintiff be trebled;

C. That the Defendant pay to the Plaintiff the costs of this action and that reasonable Attorneys' Fees be allowed to the Plaintiff by this Court; and,

D. That the Plaintiff be awarded such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Benjamin Mojica,
Plaintiff,
By his Attorney,

Dated: 1/29/2001

Karen L. Stern, Esquire
BBO#550391
BERNSTEIN, BURWICK & TUCKER, LLC
10 Mechanic Street, Suite 150
Worcester, MA   01608
(508) 755-5555

JS-44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BENJAMIN MOJICA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

BOSTON COLLEGE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

2001 JAN 30 P 1:51

FILED IN CLERK'S OFFICE
DISTRICT COURT OF MASS.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
KAREN L. STERN, ESQ.,
BERNSTEIN, BURWICK & TUCKER, LLC
10 Mechanic Street, Worcester, MA 01608
(508) 755-5555

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☒ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☒ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Copyright Infringment - 17 USC, Section 101

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over $100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE: 1/29/2001

SIGNATURE OF ATTORNEY OF RECORD: *Karen L. Stern*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __BENJAMIN MOJICA__

2001 JAN 30 P 1:51

FILED
IN CLERK'S OFFICE

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

- __ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT
- _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.
- __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- __ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   __NO__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   __NO__
IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)
_____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   __NO__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C))  YES ____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D))  YES ____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?  YES _____
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __KAREN L. STERN, ESQUIRE__
ADDRESS __10 Mechanic Street, Worcester, MA 01608__
TELEPHONE NO. __(508) 755-5555__

OVER.SHT-08/90